Harry, Harry, Harry, the United States Court of Appeals for the 11th Circuit is now open according to law. Call to say the United States is this honorable court? Judge Newsom? How long was I talking on mute before you all thought that I had just dropped dead? Sorry about that, everybody. You just started out. But it was such a beautiful speech. I'm so sorry that everyone missed it. All right. Rewind the page. Compliments, Judge. We appreciate it. Yeah. Begin again. Right. Exactly. All right. So sorry about that. Welcome, everyone. Sorry that we are not with you live and in person from Montgomery. Thank you for being on the telephone with us today. Lisa Branch and I, my colleague Lisa Branch and I would like to welcome for the fourth and final day a visiting colleague, Judge Stan Baker. Judge Baker is a judge on the U.S. District Court for the Southern District of Georgia. Before that, he was a magistrate judge of that court. Before that, a litigator in private practice. And as I joked on Wednesday, before that, a ranch hand in Montana. My family and I just got back from a trip to a ranch in Montana. So we can appreciate the hard work that Stan went through out there. But in any event, Stan, thank you so much for helping us with our work this week. Judge, thank you so much for having me. We certainly appreciate it. It's been a wonderful experience, and I look forward to our arguments today. Thank you for your kind introduction. I appreciate it. Judge Newsom, I have one quick point, if you don't mind. Yeah, please. I feel like you omitted one of the more important details about Judge Baker, and that's that he went to Davidson College. Oh, I'm sorry to have overlooked that. And here I was focused on the ranch hand aspect of the resume. The Davidson connection with those Davidson grads. Yeah, the Davidson connection. I appreciate that. That's right. I have a fellow Davidson grad with me. So that's always good to be in good, honorable company at the branch. Thank you. All right. And to our lawyers, I know you've been with us before. I think Mr. Krishna is back for a double dip this week, so he's heard the entire speech before. But you know the drill. Your time before us is limited. So please dispense with pleasantries and factual recitations and procedural histories and just proceed directly to the main points of your appeal. There's no lighting system, of course, but Ms. Geddes is on hand to let you know when you've got two minutes remaining so that you can begin to collect your thoughts and wind up. She will also let you know when your time has expired. And while we won't cut you off in mid-sentence, we would ask that you bring your argument to a close when you hear that warning. All right. With that, we will introduce the first and only case before us this morning, which is number 18-11627, Clifford Senter versus the United States of America. And here for Mr. Senter is Ms. Darby, and here for the United States is Mr. Krishna. Ms. Darby, you're up first, and I understand that you have reserved five minutes for rebuttal. Yes, Your Honor. Very well. You may proceed when ready. Thank you. Good morning. This is Alex Darby representing Mr. Clifford Senter, the appellant in this case. May it please the Court. The District Court misconstrued a Johnson-based claim in Mr. Senter's 2255 motion as an impermissible collateral attack on a prior state conviction and thus failed to address the claim as Mr. Senter raised it in violation of Clisby v. Jones. In his 2255 motion, Mr. Senter argued that his ACCA-enhanced sentence could not stand following Johnson, in part because his prior attempted robbery conviction could not qualify as a violent felony under the Elements Clause or Enumerated Offenses Clause. At the time of Mr. Senter's state conviction, Alabama law made clear that attempted robbery was a non-existent offense. Accordingly, his prior conviction did not have an element of force or the elements to match an enumerated offense. The District Court, however, misconstrued Mr. Senter's claim as merely a collateral attack to his prior state sentence, and because collateral attacks are typically impermissible in federal sentencing proceedings, the Court did not conduct any further analysis of his claim under Johnson. Ms. Darby, can I ask you a quick question? This is Judge Newsom. To avoid, I suppose, a slippery slope, how would you have us draw the line? I mean, surely not every garden-variety misunderstanding of a claim is going to give rise to a Clisby violation. What is it that causes it to cross the line? Well, Your Honor, in this case, the reason that it crosses the line is because the District Court didn't analyze it under a Johnson-based framework. As soon as the Court made the determination that this was a collateral attack as opposed to a Johnson-based claim, it cut its analysis off there and ended merely with, you know, collateral attacks are impermissible in the 2255 setting or the federal sentencing setting. So, you know, in cases where the Court doesn't analyze the claim in the framework that is set out. So, for example, you know, in unpublished opinions, this Court has recognized that where a 2255 movement raises an ineffective assistance of counsel claim, and the Court misconstrues that as, for example, an attack on the validity of a guilty plea, that violates Clisby because the Court isn't engaging in that Strickland kind of analysis. And the same issue occurred here. The District Court didn't engage in any elements clause, enumerated offense clause analysis, or Beeman analysis once it made that determination that this was a collateral attack. And Mr. Senter's argument was not a collateral attack on his prior sentence. He wasn't arguing simply that this prior conviction is constitutionally infirm. For example, because his counsel rendered ineffective assistance, you know, his argument goes to the analysis that has to be done under the elements clause of the ACCA. And to determine whether... Counsel, this is Lisa Branch. Why haven't you sought to have the Alabama conviction overturned in Alabama State Court? Wouldn't that solve your problem here? Because if it were vacated, you could then renew your challenge to the ACCA enhancement? Potentially, Your Honor, that would be an avenue. But this case can be addressed in the Johnson framework already because to determine whether a state court sentence qualifies as a violent felony under either the elements clause or the enumerated offenses clause, a court has to look at the elements as the state court defines them. And at the time that Mr. Senter was convicted in Alabama, Alabama law made clear that there were no elements. And I apologize, Judge. I do want to go back just one more. You asked if we could raise this for Mr. Senter in the state court, and we can't represent him in state court proceedings. But nonetheless, the district court can deal with it in the terms of his 2255. Ms. Darby, this is Judge Baker. In order to rule on your argument, wouldn't the district court first have to make a finding that necessarily implies that the conviction is invalid? I know you're saying, well, we're not attacking the conviction, but isn't it your argument that it's a nonexistent offense? In order to grapple with that, wouldn't the court have to make a finding that necessarily implies the invalidity of the conviction? Well, Your Honor, it's more nuanced than that. We certainly recognize that in the context of the 2255, the court's role is to presume that it is valid. And we recognize that that is what the court must do in this case. But even presuming that Mr. Senter's conviction is valid, that doesn't answer the next question under the ACCA analysis, which is to determine what the elements are as the state courts define them. And in this case, Alabama law is clear that following a change in the law in 1979, attempted robbery just is no longer a conviction, or is no longer an offense under state law. But I think that the, this is Judge Baker again, excuse me for hammering down on this, but I think what you just said, and the nuance there is the issue, you said it's no longer a conviction. And isn't that what the district court would have to say? Wouldn't the district court first have to find that the conviction had no elements in order to rule on your underlying argument? And wouldn't the finding that the conviction had no elements therefore necessarily imply that the conviction was invalid? It potentially would, Your Honor, but that's not the meat of the claim. And the question is valid for what purposes. What we are talking about in this case is whether this offense can qualify as a violent felony under the enumerated offenses, or under the elements clause or enumerated offenses clause. And that analysis requires this specific inquiry into state law elements. So, for example, if this were a challenge to, say, criminal history points that were assessed in the PSR, you can presume that the conviction is valid and that answers the question. But in this case, you still are left with the issue of what are the state law elements. And the alternative to recognizing that this is an offense that doesn't have state law elements is to make up elements where Alabama has said there are none. But, of course, in ACCA proceedings, courts are bound to the law as the state defines it. And this state has made clear that attempted robbery is a nonexistent offense following that change in the law. So Mr. Senter's conviction, which occurred after that change, could not qualify as a violent felony. And the district court bypassed all of that analysis, didn't wrestle with the fact of, you know, the alternative is making up elements and what that means in this 2255 setting. And because it didn't wrestle with that, because it didn't address the claim as Mr. Senter raised it, as a claim under Johnson. Miss Darby, can I just try to pick up on Judge Baker's question a little bit? Because, you know, he's on to something that, you know, you say that you're going to take the conviction sort of as a given. But, as he says, in order to rule for you on Johnson grounds, we'll call them, the federal court would have to conclude that the state law offense had no elements. And thus, his point is sort of that necessarily indicates or implies that the conviction itself is invalid. So my question is this, and I'll just confess that I haven't given a lot of thought to it. The bar on collaterally attacking state convictions sort of on their own terms in 2254 proceedings, is that a bar on sort of direct, let's call it sort of vacature of the conviction? Or is that a bar on sort of a slightly broader category of challenges that would include sort of doing the work that would necessarily imply the invalidity of the underlying conviction? I just don't know the answer. Right. Your Honor, and I believe it would be a bar on the straight vacature of the conviction. For example, like, the cases in which the Supreme Court has, you know, explained this involves things like ineffective assistance of counsel. And they didn't want the district courts to go through digging through state court records to determine whether in these underlying state proceedings a defendant received ineffective assistance of counsel. And they know, you know, the issues, the potential issues with digging through the state court records like that. And that's not what we're asking this court to do, or the district court. That's not what Mr. Senter was asking the district court to do. Mr. Senter has solely requested that the court undertake that analysis that is necessary under the ACCA and determine whether his attempted robbery conviction had the elements of force or the elements of enumerated offense. And under Alabama state law, it doesn't. It has no elements because it's not a valid offense. Okay. I think I heard Ms. Geddes. Valerie, was that your time has expired? Yes, sir. Okay. Very well. So, Ms. Darby, we'll hear from you again on rebuttal. You've got the full five minutes. Mr. Krishna, you're up. Hello? Yes, sir. You are live. Okay. Thank you. May it please the court, Praveen Krishna for the United States. There simply cannot be a valid conviction for a non-existent offense or an offense that has no elements. All of the Alabama cases that Mr. Senter relies on for the proposition that attempted robbery is non-existent, those same cases explain that for that reason, the defendant's attempted robbery convictions are null and void. Therefore, the district court in this case satisfied Clisby by relying on that rationale to conclude that it couldn't treat attempted robbery as a non-existent offense. Now, Mr. Senter disagrees. Mr. Senter disagrees with the district court over the scope of what the presumption of validity that is required in a 2255 proceeding, what that requires of the district court. But that disagreement is a disagreement over the merits of the district court's ruling. It is not at Clisby. So, Mr. Krishna, let me just push back on that a little bit. I mean, the sort of the troubling passage to me in the district court's opinion is at page 7, where the district court, you know, sort of facing a petition that says Johnson, you know, sort of says residual clause, says elements clause. And the district court responds, in other words, Senter argues that his attempted robbery conviction is invalid as a matter of Alabama state law. No reference to federal law, no mention of Johnson. I mean, is that a fair summary of the claim that Senter had made? It is because Mr. Senter is asking the court to assume that his offense lacked elements. Now, in pages 2 and 3 of the district court's order, it fully recognized that this was a Johnson 2255 and that Johnson is at front and center of Mr. Senter's claim for relief. And the question after the vacature of the residual clause is whether the elements clause could come into play and rescue these violent felony convictions. So, with that backdrop, that's what's in the district court's mind when then it considers this question of whether or not attempted robbery has elements. And so, when it decides that, well, I have to presume that this conviction is valid, in order for me to do that, I have to presume that there are, in fact, elements that can be proven beyond a reasonable doubt. That is a ruling on the merit. If this case were to go back to the district court and this court were to instruct the district court to reassess attempted robbery in light of Johnson, Mr. Senter still couldn't get relief all on his own. The district court would first have to vacate its conclusion that it had to treat the offense as if it lacked elements, and it would also have to vacate its conclusion that his attempted robbery offense was an elements clause offense. Those are rulings on the merit. Now, Mr. Senter may disagree with those rulings, but again, that doesn't establish a Clisby issue. And it makes sense for the district court to focus on the state court aspect of Mr. Senter's claim because, as we point out, roughly a decade before Mr. Senter was even sentenced, the Supreme Court had already made clear that any use of the violent felony definitions is going to require an examination of the statutory definition. The residual clause provides no better basis for enhancement in the case of an offense with no elements than does the elements clause or the enumerated clause. At the time of Mr. Senter's original sentencing, if his offense truly lacked elements, then he was wrongly enhanced at that time, and Johnson is really a red herring in this case. Okay, I mean, isn't he entitled now to say, you know, sort of, Johnson gives me, you know, sort of, wind beneath my wings, and now, you know, I've got a Johnson claim. Whether or not I had a claim before, I've got a Johnson claim. Well, certainly after Beeman, he isn't, because under Beeman, he has the responsibility to show that Johnson was the only basis for his enhancement. And if at the time of the sentencing, there's, I mean, the Supreme Court was clear that even a residual clause analysis would require an examination of a statutory definition. There's no reason to think the residual clause provided a better basis for enhancement than the elements clause. Counsel, this is Judge Baker. Aren't we getting into an argument now, though, on this line of reasoning that you're putting out there, that there's something that the district court just didn't address? And isn't that the limited argument that the appellant is making, is that there just wasn't, the district court did not grapple with that, the argument you're making now, and that's a Clisby error. Sure, I think that is what the defendant, Mr. Senter, is saying. However, Clisby doesn't require the district court to address the claim for relief on the defendant's preferred terms. Clisby requires that the district court resolve the claim for relief. And here, there's no dispute that Mr. Senter has argued that his attempted robbery conviction cannot qualify as a violent felony after Johnson. The district court ruled that that was incorrect, and his conviction remained a conviction for a violent felony under the elements clause. But we're in the analysis section of the district court's opinion that you say the district court resolved that claim. I guess that's where I'm getting kind of hung up. The analysis of that claim, so far as I can tell, is at page 7. And at page 7, the district court seems to say, you're wrong as a matter of state law. And I'm sure Senter, when he read that, thought, that's not what I argued. Right. I think the district court is inferring that if you're saying, the district court is saying implicitly, I admit, that if Mr. Senter's offense has no elements, then it is invalid as a matter of state law. And the same state court cases that Mr. Senter relies on, to say that his offense lacks any elements, they say the same thing. They say that because this offense is nonexistent and has no elements, the conviction is null and void, and the state court had no jurisdiction to take the case in the first place. They're flip sides of the same coin. They can't be detached. And so, it's inherent in the assertion that an offense lacks elements, that the conviction resulting from that offense is invalid. Counsel, this is Judge Baker, and I'm going to confess my ignorance at this issue. Can you point us to any cases that stand for the proposition, the argument that you're making, that an argument that would necessarily imply the invalidity of a conviction is an attack on the conviction itself? In other words, do we apply customs when the argument would necessarily imply the invalidity of the conviction? Are there any cases that you can point us to that stand for that? Yes. I think Daniels v. The United States is our best case. That's a Supreme Court case. And I think that also goes to the question that Judge Newsom asked, which is, the collateral attack that is prohibited under Section 2255, it's not just this idea that the federal district court can't go and vacate itself these state court convictions. It's also the idea that the federal district court can't impeach those state court convictions by relying on a defect in those state court proceedings to conclude that the conviction can't be used as an ACCA predicate. And Daniels, the defendant, alleged that he had suffered ineffective assistance of counsel and that there were fundamental defects in the guilty pleas for his state offenses, and that as a result, those state predicates couldn't be used to justify ACCA enhancement. Counsel, this is Lisa Branch. Just in talking about Daniels, what if, given the age of the attempted first-degree robbery conviction, there's no relief available for Sunter and state court? Would the fact that there's no relief available in state court change your analysis under Daniels? It would not, Your Honor. I think that that would be a harsh consequence, and frankly, I'm not sure. It appears to be that Mr. Sunter would be able to get these convictions vacated because other defendants have had convictions vacated decades after the convictions were originally entered. But assuming that he couldn't, I think that the lapse of any attempt to get a remedy in state court means that he's stuck and we have to accept these convictions as they stand right now. But I think that does highlight the matter that state court really is the best way for Mr. Sunter to sort of try and challenge this ACCA sentence, and it's better for him to try and get the conviction vacated, and then we can see what we can do rather than try and rely on Johnson to reach the same result. If there are no further... Counsel, let me ask you just one quick question, and this is just hypothetically speaking. If we find that the attempted first-degree robbery conviction no longer qualified as an ACCA predicate, would you agree that Sunter does not have another qualifying offense, and so the enhancement wouldn't be valid? I would agree that he wouldn't have another qualifying offense. However, I think under the Beeman analysis, it wouldn't be enough for him to show that his offense no longer qualifies as a violent felony. After Beeman, he has to show that only the residual clause provided the basis for enhancement. And so that's still a further step that he... I don't think he could come close to meeting, but that's a premature issue at this point. Counsel, this is Judge Baker. Isn't the issue that we're left with, that the district court just left hanging and didn't address, is how do you analyze a prior state conviction where the state law specifically states that it's a nonexistent offense? Isn't that the argument that was raised in the alternative, not in the conjunctive, but in the alternative by Mr. Sunter below, and isn't that the argument that's just left hanging? I don't think it's left hanging, and I also don't think it's in the alternative, because the basic premise of his argument, Mr. Sunter's Johnson claim depends on the assumption that his offense has no elements, but nonetheless can remain a valid conviction. That's the centerpiece of Mr. Sunter's claim, and the district court disagreed with that. And so that disagreement is simply a disagreement on the merits. There's no way to avoid that, and there's no way to get to the Johnson issue without first resolving this question of whether you could have a valid conviction for a nonexistent offense. I'm sorry, if you weren't finished, please continue. I've just got one more before you finish up. Oh, sure. I was just going to say briefly that the district court didn't sidestep the Johnson claim. It simply addressed the underlying assumption that the Johnson claim depends upon. So my question, I guess, then, that's a decent segue to my question. Earlier, when I was sort of pressing you on the analysis at page seven, you said, and I think I credit your candor, you said, you know, I'll have to confess, this is sort of implicit in what the district court said. And I guess I just wonder sort of whether sort of teasing out implicit holdings in district court opinions is consistent with sort of the spirit of Clisby. I mean, I guess I take Clisby to be enforcement of a rule of judicial administration. We basically said we're sick of having to do these piecemeal appeals. And so it was like an instruction to district courts to take very seriously the federal claims put before you and resolve clearly, you know, sort of resolve them on the merits so that they're sort of clearly teed up. And I guess I worry a little bit, all this kind of stretching and straining to tease out of the interstices of this opinion, a ruling on a federal issue that doesn't seem to me to like leap off the face of the page. Is that consistent with Clisby? It is because Clisby, of course, it focuses on the duty to resolve the claim. And that's different from the duty to address or to discuss the claim. And we point to the example of Strickland ineffective assistance claims where the Supreme Court has expressly allowed district courts just to focus on one aspect or another of an ineffective assistance claim if it's sufficient to dispose of the claim. But that strikes me as like totally different, right? I mean, there you say to the petitioner, you say, we hear you. You have a Strickland claim. We're going to resolve the Strickland claim. There are two ways to do it. We're going to resolve it one way rather than the other. Here, you say to the petitioner, I hear you. You have a Johnson claim. But I'm not really going to address that. Instead, I'm going to say that this is a collateral attack on the underlying conviction as a matter of state law. Those two things just seem completely different to me. Well, I think they're similar because to make the Strickland thing... You can go ahead. To make the Strickland point, the defendant first has to show deficient performance and prejudice. Both of those conditions are necessary for a successful Strickland claim. Similarly here, Mr. Senator's Johnson claim can't be assessed independent of this question of whether his offense has elements or not. And the idea of an offense without elements, that is identical to the idea of an invalid conviction. I think that's really where the rubber is meeting the road in terms of the reasoning, that those two notions can't be detached from one another. And so that's why the district court didn't address an alternative ground for relief. Instead, it addressed the predicate issue that underlies Mr. Senator's Johnson claim. I thank this court for its time, and we ask that you affirm the judgment below. Mr. Krishna, thank you very much. And Ms. Darby, we'll hear from you on rebuttal. Five minutes. Thank you, Your Honor. And again, this is Alex Darby for the appellate Mr. Clifford Center. I would start out by noting that the government is reading too much into the district court's opinion when it's discussing implicit holdings and the court's implicit reasoning. The district court below specifically told us its reasoning, and that is that it misconstrued Mr. Center's argument, that it said that his argument was that his attempted robbery conviction is invalid as a matter of Alabama state law. And then from there, just went to say he cannot collaterally attack the validity of his state court proceedings. And the analysis ended there. But that is not the claim that Mr. Center raised. Mr. Center raised a Johnson-based claim based on the fact that this attempted robbery was a non-existent offense. And these are two independent claims. The government also puts a lot of weight on the fact that the district court addressed this alternative claim that Mr. Center raised and likens it to ineffective assistance of counsel under Strickland. But actually, the ineffective assistance of counsel framework lends itself. It shows why this claim is different. Because when you have ineffective assistance of counsel, of course, you have to win on both prongs of the Strickland test. You have to show both deficient performance and prejudice. Mr. Center, if he wins on either one of these claims regarding his attempted robbery offense, then he would have merited relief. And finally, we would just note that we would have a beam-in argument if this is remanded to the district court. But that is a question that CLSBI makes clear is something that is reserved from the district court. The court in CLSBI specified that the proper course would be to vacate the district court's judgment without prejudice and remand for consideration of the remaining claims where the district court failed to resolve them. In this case, the district court... Ms. Darby, can I ask you a question before your time expires? This is Judge Newsom. So I think in response both to Judge Baker and myself, Mr. Krishna cited a case, Daniels v. United States, which he says sort of prevents more than just what we'll call direct vacature of the underlying conviction, but also impeaching the underlying conviction in a way that sort of maybe gets that Judge Baker's necessarily implied invalidity of language. Can you address Daniels? Well, Your Honor, and I think that the clear difference in Daniels and this case is that the existence of that conviction ended the analysis. He was arguing that, of course, that his underlying state conviction was based on an unknowing and involuntary guilty plea and that his former counsel rendered ineffective assistance of counsel, and that is the reason that his prior conviction couldn't qualify as an ACCA predicate. But that doesn't answer the question here, just the existence of this conviction, because you still have that additional step under the ACCA analysis, and that is to determine what the elements of the offense are, and that is based on how the state court defines them. And to the extent that the court would go further than that, it would essentially be inventing elements to an offense where the state court says that there are none. So that's the distinction here with Daniels and with Mr. Senter's case, is his argument doesn't hinge on whether his conviction is valid. If you presume it is valid, it's the next step that causes a problem in the ACCA analysis. Your Honor, if this court has no further questions, then we would just note that the district court misconstrued Mr. Senter's claim and failed to address it, so we request that this court vacate the denial of his 2255 and remand for the district court to consider his claim in the first instance. Thank you. Okay, very well. Thank you both very much. Good arguments on both sides. Appreciate your participation. That case is submitted, and the court is now adjourned.